JAMES J. McCOWAN, tax collector, plaintiff in error, vs. WILLIAM M. DAVIDSON et al., defendant in error.

The fourth section of the Act of 1868, providing for a specific tax on liquors sold was not, by the terms of it, to go into effect until the 1st of October, 1869.   The Act of 1866 in relation to the tax on spirituous liquors was not of force after the adoption of the Constitution of 1868 and the passage of the subsequent Acts of 1868 and 1869, and there is no law of force authorizing the tax collector now to collect the tax on spirituous liquors for the year 1868, subsequent to the adoption of the Constitution of 1868.   And the Act of 14th March, 1869, cannot be held to have a retroactive operation so as to subject the complainants to the penalty of $1,000 for not making their returns for that year prior to the date of the Act.

Taxation.   Constitutional Law.   Before Judge SCHLEY. Chatham Superior Court.   May Term, 1871.

The bill of Davidson et al., made this case for injunction: Each of them is a citizen of Savannah and a merchant who sells brandy, gin, whisky and rum, foreign and domestic, and frequently in quantities less than thirty gallons.   McCowan, tax collector of said county, is about to proceed to collect from each of them three-tenths of one per cent. on the value of all brandy, gin, whisky and rum sold by them during 1868.   This proceeding is illegal, because there is no law fixing such tax upon such sales for 1868.

On the 18th of March, 1869, the General Assembly of Georgia passed an Act to levy and collect a tax for the support of the Government for 1869, and other purposes.   By the eighth clause of the second section of that Act it is enacted, that there shall be levied a specific tax for educational purposes of twenty cents per gallon upon every gallon of brandy, gin, whisky and rum, whether foreign or domestic, which is sold by any person in quantities less than thirty gallons in this State, and the amount sold shall be given in under oath.   Quarterly returns shall be made on the first days of April, July, October and January in each year, by all persons within the county who sell liquors in quantities less than

thirty gallons, of the amount sold the preceding quarter. Said returns shall be made to the tax collector of the county, who shall collect the tax due when the returns are made. It shall be the duty of the tax collector to require all persons selling said liquors to make their returns and pay the tax thereon; and if any person shall fail or refuse to make his return and pay said tax, he shall be assessed by the tax collector a specific tax of $1,000 00, and the tax collector shall proceed to collect the same by execution, as in other cases of other taxes due and unpaid. This was to go into effect on the 1st of January, 1869.

In pursuance of this enactment the tax collector has called on each of them to make his return of all liquors sold by him since the date of said last Act. As there was no such Act in 1869, till the 18th of March, 1869, they did not keep their accounts with reference to said tax, and therefore, it is impossible for them to make any return for that period, and this without their fault. The tax collector refuses to receive their returns for liquors sold by them subsequent to the 18th of March, 1869, and is about to assess against each of them $1,000 00 for not making such return for the time prior to 18th March, 1869. Said eighth clause of said second section is void, because it could not go into effect on the 1st of January, 1869, not being then in existence, and cannot go into effect at any time other than the time mentioned in the Act. And as to the time between the 1st of January, 1869, and the 18th of March, 1869, said clause is retroactive and is unconstitutional, because it imposes a fine, penalty or tax for doing what, at the time it was done, was subject to no fine, penalty or tax, under the laws of Georgia.

They prayed an injunction against the collection from them of any such tax for 1868, or for the time between the 1st of January, 1869, and the 18th of March, 1869, or of said specific tax. The injunction was granted.

The defendant answered that he was proceeding to collect said taxes under instructions from the Comptroller General

of the State, and that it was his duty so to do; that the *ad valorem* tax, three-tenths per cent. for 1868, was imposed by an Act of the 15th of December, 1866, which is of force, and the other was due for their failure to make returns as aforesaid.

He contended that said clause was not unconstitutional, and last that the Chancellor could not enjoin the collection of said taxes. He moved to dissolve the injunction upon said grounds. The Chancellor refused to dissolve the injunction and dismiss the bill. That is assigned as error.

A. W. STONE; WILLIAM DOUGHERTY, for plaintiff in error.

FLEMING & LESTER, for defendants.

WARNER, Judge.

This was a bill filed by the complainants to restrain the defendant as the Tax Collector of Chatham county from collecting a tax on spirituous liquors for the year 1868, alleging there was no tax due thereon by law for that year, and also to restrain the defendant from collecting the penalty of $1,000 00 for not making their returns for liquors sold by them during the first of the year, 1869, prior to the 18th March, 1869, the date of the Act of that year. By the eighth section of the Act of 1868, providing for a specific tax on liquors sold, it is expressly provided, that that section of the Act is to go into effect from and after the first of October next. The Act is dated 5th October, 1868, but the eighth section thereof was not to go into effect until the 1st October next thereafter, which would be the 1st October, 1869. The Act of 1866 in relation to this tax on spirituous liquors, in view of the provisions of the Constitution which was adopted in 1868, cannot fairly be said to be of force in relation to this tax after the adoption of the new Constitution, and the passage of the subsequent Acts of 1868 and 1869. Our con-

clusion then, is, that there was no law of force in 1868, subsequent to the adoption of the Constitution of 1868, which will authorize the tax collector now to collect the tax on spirituous liquors for that year, subsequent to that time, and that as the Act of 1869 was not passed until the 18th March, 1869, it would be a harsh construction of it, to say the least, that the complainants should be required to pay the assessment of $1,000 00 for not making their returns for that portion of the year 1869, prior to the date of the Act.

It is true the Act is retroactive, inasmuch as it declares that the eighth section of it shall go into effect from and after the first day of January, 1869, but the defendants could not have known its provisions and requirements prior to its passage on the 18th March, 1869, so as to have regulated their conduct by it prior to that time. And now to assess them $1,000 00 for not doing what they were not required to do until the passage of the Act, would be contrary to the fundamental principles of justice and right. We therefore affirm the judgment of the Court below, refusing to dissolve the injunction.

Judgment affirmed.